Shelby Loan and Trust Company et al., Appellees, v. White Star Refining Company, Appellant.

Opinion filed May 29, 1933.

WARNOCK, WILLIAMSON & BURROUGHS, for appellant; Ross S. CAMPBELL, of counsel.

GEORGE B. RHOADS, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On July 22, 1929, appellees filed their bill for injunction, averring that in November, 1920, they became the owners of a certain tract of 160 acres of land in Madison county; that Grassy Lake is located thereon and covers a large part of said land; that appellant is engaged in the business of refining oil, gasoline and other petroleum products and that its plant is in a northwesterly direction from appellees' property; that the natural flow of surface water from the said plant is into Grassy Lake; that appellant has cast large quantities of refuse, oil, chemicals and pollution into the drains and water courses and the same were thereby carried into the said lake upon appellees' property; that in conducting its said refinery appellant uses large quantities of water secured from wells and other artificial sources, in which water, during its use, appellant places large quantities of acids, alkalies, chemicals and other substances, which water, after being used and containing the substances aforesaid, is discharged by appellant into Grassy Lake.

Appellant admits, in its answer, that it is engaged in the business of refining oil, gasoline and other petroleum products; that it uses large quantities of water from wells and other artificial sources and that the same is drained into the lake; that it maintains a purifying system and that before the water reaches the lake it is fully purified, and that it has not caused any

refuse, oil, acids, alkalies, chemicals or other pollution to be discharged into the said lake. The trial resulted in a decree awarding an injunction as prayed.

Almost 1,700 pages of evidence were taken before the master and there are more than 500 pages of abstract. No useful purpose would be served by a detailed consideration of the testimony of the several witnesses.

Appellant insists that while the water of the lake was polluted, the pollution was caused by the Shell company and the tannery in the same vicinity. There is evidence that at least a part of the pollution was caused by appellant. That being true it would not be relieved from liability because of the fact that the Shell company and the tannery also caused a portion of the pollution.

The undisputed evidence is that appellant uses about 1,000 gallons of water a minute for every minute in the day of 24 hours and that appellant places in that water acids, alkalies and chemicals and when the water has been used it is discharged into a drain which leads into Grassy Lake. Appellant says that the lake is a shallow body of water into and through which there is no current. It is a stagnant body of water. Appellant had no right or authority to pump such quantities of water from wells and other artificial sources and cast the same into the lake and thereby cause it to spread over the land of appellees.

In its answer appellant relies upon the doctrine of laches. Appellees acquired their title in November, 1920, and the deed was then placed upon record. Since that time appellant has improved and extended its plant at great expense, but we find no evidence that would warrant us in holding that laches is a defense to the action.

Appellant insists that a permanent injunction would confer no substantial benefit on appellees and would

work a great injury and damage upon appellant and for that reason the decree should be reversed. In our opinion that rule is not applicable to a case such as is here presented. No reversible error having been pointed out the decree is affirmed.

*Affirmed.*